**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

JUN 18 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MIRIAM GARCIA, on behalf of herself and other similarly situated, | No. 12-56287 |
| Plaintiff - Appellee, | D.C. No. 2:12-cv-01596-SJO-RZ |
| v. | MEMORANDUM[*] |
| U.S. BANCORP, a corporation; U.S. BANK N.A., | |
| Defendants - Appellants. | |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Argued and Submitted June 3, 2014
Pasadena, California

Before: REINHARDT, FISHER and MURGUIA, Circuit Judges.

Defendants U.S. Bancorp and U.S. Bank appeal the district court's denial of

their motion to compel arbitration. We have jurisdiction under 9 U.S.C.

§ 16(a)(1)(B), and we affirm.

---

[*]This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

**1.** On the basis of the undisputed facts, the district court found that the bank representative's description of the signature card as a document for "obtain[ing] the bank atm card" failed to convey the true meaning of the signature card's terms; that Garcia's reliance on that description was reasonable; and that Garcia did not "consent to the terms in the Deposit Account Agreement," so "a valid agreement to arbitrate was never formed between the parties." The signature card purported to bind Garcia to a 50-page single-spaced document of terms and conditions, Garcia told the bank representative that she was unable to read or understand English and she expressly requested translated versions of the documents presented to her. Under these circumstances, the district court's findings of fact were not clearly erroneous, and, because the absence of mutual assent meant no contract was formed, the arbitration clause in the purported agreement was of no force or effect. *See Rosenthal v. Great W. Fin. Sec. Corp.*, 926 P.2d 1061, 1081-83 (Cal. 1996); *Gardner v. Rubin*, 308 P.2d 892, 896 (Cal. Ct. App. 1957).

**2.** The defendants waived any entitlement to a trial under Section 4 of the Federal Arbitration Act by failing to request that procedure from the district court, *see Cabrera v. Cordis Corp.*, 134 F.3d 1418, 1420 (9th Cir. 1998), and by failing to "specifically and distinctly" argue for that procedure in their opening

2

brief on appeal, *Dream Games of Ariz., Inc. v. PC Onsite*, 561 F.3d 983, 994-95 (9th Cir 2009) (quoting *Miller v. Fairchild Indus., Inc.*, 797 F.2d 727, 738 (9th Cir. 1986)). Moreover, the district court did not abuse its discretion by not holding an evidentiary hearing, because there were no disputed issues of fact material to its decision, and because the defendants did not notify the district court of any need to cross-examine Garcia about her declaration. *Cf. United Commercial Ins. Serv., Inc. v. Paymaster Corp.*, 962 F.2d 853, 858 (9th Cir. 1992).

**3.** The defendants did not raise sufficiently to the district court their argument that Garcia assented to the terms of the Deposit Account Agreement by maintaining her account after receiving notice of changes to that agreement, and no exceptional circumstances justify considering the argument for the first time on appeal. *See Cruz v. Int'l Collection Corp.*, 673 F.3d 991, 998 (9th Cir. 2012) ("To have been properly raised below, the argument must be raised sufficiently for the trial court to rule on it." (quoting *Abogados v. AT&T, Inc.*, 223 F.3d 932, 937 (9th Cir. 2000)) (internal quotation marks omitted)); *In re Prof'l Inv. Props. of Am.*, 955 F.2d 623, 625 (9th Cir. 1992) ("The specific 'exceptional circumstances' that this circuit has identified are as follows: (1) review is necessary to prevent a miscarriage of justice; (2) a new issue arises while an appeal is pending because of a change in the law and (3) the 'issue presented is purely one of law and either

3

does not depend on the factual record developed below, or the pertinent record has been fully developed.'" (quoting *Bolker v. C.I.R.*, 760 F.2d 1039, 1042 (9th Cir. 1985))).

**4.** Because we affirm the district court's conclusion that the parties never formed an agreement to arbitrate, Garcia is not bound by the terms of the arbitration clause. We therefore need not decide the remaining issues disputed by the parties in this appeal.

We affirm the district court's order denying the defendants' motion to compel arbitration and remand for further proceedings. In so holding, we express no opinion regarding the status of this case as a putative class action.

**AFFIRMED and REMANDED.**